IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. GARY ALLEN JIMENEZ, Defendant. | CR 22-29-GF-BMM-JTJ  FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Gary Allen Jimenez (Jimenez) has been accused of violating the conditions of his supervised release. (Doc. 23). Jimenez admitted most of the alleged violations. Jimenez's supervised release should be revoked. Jimenez should be sentenced to custody for a term of 5 months, with no term of supervised release to follow. The custodial term shall run concurrently with the sentence imposed in CR-18-91.

## II.  Status

Jimenez pled guilty on May 9, 2022, to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(C) as charged in Count 1 of the Indictment. (Doc. 7). Jimenez was sentenced to 38 months

of custody, with 3 years of supervised release to follow, with both the custodial and supervised release terms to run concurrently with the sentence imposed in CR-18-91. (Doc. 18). Jimenez's current term of supervised release began on April 25, 2024.

**Petition**

On December 29, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Jimenez's supervised release. (Doc. 23). The Petition alleged Jimenez violated conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on November 19, 2025; (2) interacting with a person he knew to be engaged in criminal activity on December 23, 2025; (3) committing another federal, state or local crime by being charged on December 23, 2025 with the misdemeanor offenses of: Careless Driving, in violation of Blackfeet Tribal Code 61-8-302(11); Displaying Plates Assigned to another Vehicle, in violation of Blackfeet Tribal Code 51-3-301(3)(2); and Possession of Drug Paraphernalia, in violation of Blackfeet Tribal Code Ordinance 95, Section H; and (4) using methamphetamine on December 23, 2025.

**Initial Appearance**

Jimenez appeared before the Court on January 6, 2025. Jimenez was represented by counsel. Jimenez stated that he had read the Petition and that he understood the allegations against him. Jimenez waived his right to a preliminary

hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

Jimenez appeared before the Court on January 6, 2026. Jimenez admitted that he had violated the conditions of supervised release as set forth in allegations 1, 2 and 4 the Petition. The Government moved to dismiss allegations, 3, which the Court granted. Jimenez's admitted violations, 1,2 and 4, are serious and warrant revocation of his supervised release.

### Sentencing hearing

Jimenez appeared before the Court on January 6, 2025. Jimenez's violations are Grade C. His criminal history category is III. Jimenez's underlying offense is a Class C felony. Jimenez could be incarcerated for up to 24 months. Jimenez could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Jimenez's supervised release should be revoked. Jimenez should be sentenced to custody for a term of 5 months, with no term of supervised release to follow. The custodial term shall run concurrently with

the sentence imposed in CR-18-91. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Jimenez that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Jimenez of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Jimenez that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That GARY ALLEN JIMENEZ has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on November 19, 2025; (2) interacting with a person he knew to be engaged in criminal activity on December 23, 2025; and (4) using methamphetamine on December 23, 2025.

The Court **RECOMMENDS**:

> The District Court revoke Jimenez's supervised release and sentence Jimenez to custody for a term of 5 months, with no term of supervised release to follow. The custodial term shall run concurrently with the sentence imposed in CR-18-91.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of January 2026.

John Johnston
United States Magistrate Judge